Dayton, J.
This was an action of debt originally brought before a justice of the peace, to recover of French, the defendant below, certain moneys collected by a constable on an execution, and paid over to him, French: he being a justice of the peace, and having issued the execution on which said moneys were collected. The two principal reasons relied on for a reversal, are
First, That a transcript from the docket of said French, was received in evidence against him.
Second, That there was a fatal variance between the judgment set out in the demand, and that offered in evidence to support it.
I do not see exactly the point of the first objection. It is true, that this money was paid in to French, as a justice of the peace, and the demand describes him as a justice of th.e peace, but the action is not against him in his official capacity. When he neglected and refused to pay over the money to the plaintiff below, he became personally liable for the amount; an action accrued against him, undoubtedly. The plaintiff recovers, if at all, not damages for neglect of his official duties, but so much money had and received to his use. The transcript from the docket of French, showed that he had received that amount of money from the constable; and what possible objection can exist to that evidence in proof of that fact, I am unable to discover.
But the second objection is the more serious of the two, although even this, I think, is not fatal. The state of demand sets out a judgment for fifty-nine dollars and seventy cents merely, without saying whether it was a debt, damages or costs. The judgment offered in evidence, was for fifty-nine dollars and seventy cents debt, and seventy-two and a half cents costs. Had this *149 been a suit upM the judgment, the variance might have been fatal : but it is not so, the suit is for money had and received to the plaintiff’s use. The setting out of the judgment upon which the execution was issued and the money collected, was merely inducement to the true cause of action. The whole of that part of the state of demand, may indeed be rejected as surplusage, without in the least interfering with the plaintiff’s right of action. The demand would have contained a legal cause of action, had it only set out, that the defendant at a certain named time, had and received from A. B. one of the constables, &c. a certain named sum of money to and for the use of the plaintiff, which sum of money, he the defendant, neglected and refused to pay over to the plaintiff’, by reason whereof &e. This demand would have contained everything that was necessary, and the transcript from the justice’s docket, on which the justice had acknowledged the receipt of the money on a particular judgment, would of itself have proved the demand. It cannot be necessary, that a plaintiff set out the judgment in his declaration. A justice about to 'be prosecuted, would not supply very readily, the means which would enable him to describe his judgment: and without the inspection of the docket, or a transcript from it, it would be scarcely possible that the plaintiff describe it correctly.
But admitting, that it was necessary, that the plaintiff set out in substance, that the money was paid in to defendant as a justice upon a certain judgment, it was not necessary certainly, that the judgment be accurately described. All difficulty as to a variance, might upon strict rules of pleading, even in our common law courts, have been prevented, by averring the judgment with a videlicet; but without this, the allegation in this case may properly be considered as an allegation of matters of substance and not matters of description; and if so, it need not be accurately proved. Phillips v. Shaw, 4 B. and A. 435. This was an action of assumpsit for not indemnifying the plaintiff in having become bail: the declaration alleged, thf the judgment on which the plaintiff became bail, was recovered in Michaelmas term, when the judgment offered in evidence, was in Hilary term. It was thereupon objected, that the variance was fatal; but Abbott, Oh. J. said, “the substantial matter is, that before the present action was brought a judgment had been recovered &c. and it *150 was perfectly immaterial at what particular time that judgment was obtained,” and the objection was therefore overruled. So in Purcell v. Macnamara, 9 East, 157, it was alleged in the declaration, that on a certain day, the plaintiff had been acquitted &c. but upon production of the record, it appeared that the acquittal had not taken place on that, but another day ; yet it was held immaterial, as the only substantial matter alleged was, that there had in fact been an acquittal. And in Stoddart v. Palmer, 3 B. and C. 2, an action was brought against the sheriff, for a false return to a fi. fa. The declaration set out a judgment as in Trinity term, 2 Geo. 4, when the judgment offered in evidence was in Easter term, 3 Geo. 4. The Ld. Ch. J. nonsuited the plaintiff at nisi prius, but this nonsuit was subsequently set aside at bar, with the unanimous assent of the court; the Ld. Ch. J. Abbott, observing, that whatever might have been the rule in ancient times on this subject, a distinction was now established between allegations of matters of substance, and allegations of matters of description. And although this allegation as to the term in which the judgment was entered, concluded with prout patet per recordum, yet even this it was held, did not make it descriptive of the record, and the objection was overruled. And it was further said, that it was fully established Co. Litt. 303 a; Wate v. Briggs, 1 Ld. Ray. 35, that where a matter of record was insisted upon, only by way of inducement, and not as the very foundation of the action, the party insisting upon it, need not conclude,prout patet per recordum. The averment being unnecessary, it was not material to prove it. See the same case more at large, in 4 Dow. and Ryland, 624, where the distinction is still more clearly noticed between a record declared upon as the very foundation of the action, and where it is used only as inducement to it. See also, Jervis v. Sidney, 3 Dowl. and R. 483; Broomfield v. Jones, 4 B. and C. 380. The same principle moreover has been recognized by cases in this country. Bissell v. Kip, 5 Johns. R. 89; Page v. Woods, 9 Johns. R. 82; Janson v. Ostrander, 1 Cow. 670; Crane v. Daygert, 4 Wend. 675.
It suffices if the inducement be stated according to its legal effect, and if it be not matter of description, and is substantially proved as alleged, a slight variance will be immaterial; 1 Ghitt. PL 261; but at the same time, it must be remembered, that, if an *151 immaterial averment be made by way of inducement, and so mixed up with a material averment, that it cannot be readily separated therefrom and rejected as surplusage, the plaintiff will be compelled to prove it substantially, and if it be stated as matter of description, he will be bound to prove it literally. 1 Saund. PI. and Eo. 113. In the present case however, I apprehend there is nothing to prevent our rejecting all that part of the demand which refers to the judgment, as surplusage. But if this were not so, I should consider that the averment as to the judgment was substantially proved. I have seen some cases in the books which would appear to sustain this exception; but I confess that the leaning of my mind is always against reversing judgments on mere technical grounds. If I could see how this failure to describe and identify the judgment strictly, could operate to the injury or surprise of the party, I would consent to a reversal, but this is not so. The defendant below could not have been led into any error as to the true subject matter of the action, and the judgment recovered in this case, would unquestionably be a good bar to any future action against the defendant for the recovery of the same money.
I am of the opinion therefore, that the judgment be affirmed.
Hornblower, G. J. and Ford, White and Nevius, Justices, concurred.

Judgment affirmed.